The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Please be seated. And we'll now hear argument in Baxter v. Becerra. Mr. Johnson. Thank you, Judge Agee, and may it please the Court. Tom Johnson and my colleague, Brandon Moss, appearing for Dr. Timothy Baxter. Your Honor, the Secretary erred in interpreting federal law to require that Dr. Baxter be excluded for five years from participation in any federal or state health care program based on his plea to a single, strict liability misdemeanor offense. That is because under this Court's case law, the text of the exclusion statute required a categorical approach to determine what past convictions are eligible for exclusion. That is fatal to the Secretary's position here, as the government has never argued it could prevail under a categorical approach. The government simply believes that it can apply a circumstance-specific approach to this statute, but that is wrong. Under this Court's case law, like it can't... If, in a hypothetical world, that we agreed with your argument, do you agree that it would require vacating and remanding in the agency? We couldn't address whether you satisfy the categorical approach or not. That's a question that would have to be sent back to the agency to do in the first instance. Well, a couple of responses to that, Your Honor. So we seek vacater. They don't come back and ask for remand without vacater. They, you know, this Court has never adopted the allied signal test for that, so we think vacater is the appropriate remedy here. Now, we also think they've got a significant Chenery problem. It's another reason this Court could not address that in the first instance. They've never argued that the categorical approach applies. They've never argued that the modified categorical approach applies. So if this Court determines that the text of this statute determines it, the appropriate remedy would be to vacate the rule. Then, you know, if the agency decided to initiate further proceedings, we'd have arguments... Vacate the rule. Excuse me, vacate the exclusion. Right, right. Okay. And in that instance, the answer would then be maybe they could bring a separate enforcement proceeding. That's your position is they have to bring a separate enforcement proceeding to proceed under the modified categorical approach. Under their rules, they would have to notice a different exclusion, Your Honor. They would have to notice a different exclusion. Now... They would notice the same exclusion. They just would say you're a categorical match. That's fine, Your Honor. So I don't want to quibble with you. What I want to reserve here for my client is there are arguments under their rules that it would be too late for them to proceed. We'd have all... We would have arguments against that. But yes, for purposes of this proceeding, you would vacate. And then if they wanted to continue to pursue relief against my client, they'd have to start a new proceeding. And that's the appropriate remedy here, Your Honor. I mean, to put a fine point on it, if you look at Government Brief 37, the government... I didn't mean to distract you with the remedy. You probably want to focus on the first part. I just wanted to understand what your view was on the remedy. The why categorical in theory applies is probably where you want to focus. I didn't mean to get you totally distracted. I'm happy to talk about what would happen if this Court vacates the rule, Your Honor. We obviously think that's dictated here by the text of the statute. And this Court has said in Sims and other cases, that is the inquiry here. It's the text of the statute. So if you look at Keene, for example, the use of the terms convicted and offense, criminal offense in the statute are indicators of the categorical approach. If you look at Hardin, Your Honor, and they admit this, as they say in Government Brief 37, that the Hardin case involves the same term related to that appears in this statute. And as this Court said, that indicates a categorical approach. And then some. That's a modified categorical approach. Again, Judge Richardson, they don't make a modified categorical approach argument. That would be... But the difference with Hardin and Pugin are that the relating to is followed by a generic offense, right? So like Pugin's the one that I just happen to know better than Hardin. But relating to obstruction of justice in a list of other offenses that are relating to offenses, like criminal offenses, generally statutory sections in 843. And so that seems like a straightforward understanding. But when we look at the other cases, when relating to is followed instead by conduct rather than a generic offense, it seems like we would look at specific circumstances. So if I don't think that Pugin and Hardin, when relating to is followed by an offense description, like help you? Can you address when we've got relating to followed by a set of conduct? Well, Your Honor, I don't know that the test should be relating to followed by a set of conduct. So... Oh, that wasn't a test. That was just a description of what we have here. That was my description of what we have here. I understand that, Your Honor. So let me address that. So they argue, this is the move that they make, that there needs to be a generic offense as part of this statutory clause. But there's several cases, Your Honor, in which this Court has not required... I'm not sure who Dey is, and I'm not sure what that... Well, I can... Okay, I'll let you finish. I'm not sure I'm following you, but go ahead. Okay, so the Secretary makes a variant of the argument you just made, Your Honor, which is that this statute, in order to apply a categorical approach, requires that you have... I understand they're making a slightly different argument. My point is that it's not that it requires it. It's not a command, right? But we're trying to read the language. And we know from all of the Supreme Court cases that the idea of offense can be case-specific or it can be categorical. And so we're trying to figure out which it is, right? And so these are textual clues. They're not commands. I understand you want to call them commands. I don't think that's what they're arguing. It's certainly not what I'm arguing. But they're textual clues that we look to, right? And the cases that you seem... that you started relying on, I was just responding to your argument, were cases where relating to is followed by an offense, right? Obstruction of justice, right? Which is unlike what we have here. And the textual clue in this particular instance seems to point in a different direction, right? And so what I'm asking you is, why should I not think about that textual clue in the way that I've described it, as opposed to analogizing it to cases like Pugin or Hardin? Right, Your Honor. So I think the key difference there, as you said, is the fact that this doesn't have some generic hornbook offense like burglary or arson. I don't know that I can point to a statute that says related to and it doesn't have a generic offense. But the overwhelming authority here says that it doesn't matter that there's no generic offense. So the government made a similar argument to this court in Prudencio. That involved the phrase, crime of moral turpitude. The government there said, well, there's no such hornbook crime of moral turpitude. That must mean circumstance-specific approach. And this court said, no, actually, if you were to apply the circumstance-specific approach in such a case where all we see is the word factual record to determine any factual connection to the offense. And they said this is a unified phrase. Hold up, counsel. Yes, Your Honor. This phrase here is related to the delivery of an item or service under Medicare or a state health care plan. What's the generic offense that you would derive from that? So I don't think we need to identify a generic offense, Your Honor. Again, there's no generic crime of moral turpitude. In the Nijewan case, for example, and the Kawashima case, the phrase is fraud or deceit. There's no generic crime of deceit. In this court and the Supreme Court's... Right, but how is that phrase not fact-specific? It's not fact-specific because I think just like in Prudencio, it is what this court called a unified phrase. It describes the categories of crimes that are eligible for exclusion. It's not a phrase that... I'm sorry, Your Honor. What are the categories? Okay, so it would need to be a crime that had as an element, if we're talking about the pure categorical approach, a crime that has as an element the delivery of an item or service under a federal or state health care program. Now because... What example do you have of that? So in our reply brief, Your Honor, we have examples of state Medicaid criminal statutes that relate to, for example, there's a Texas law in there, but these are representative of laws throughout the country, in which a patient falsifies an application for a drug. We have... There are cases where a provider falsifies patient information. Things like that in which we know that there's an actual beneficiary under the statute, in which we know there's actually been an application for items or services. And this is where related to does work, Your Honor, because if it's... How does that tie back to making some sort of a generic crime for categorical purposes? Well, this is where I want to impress on you, Your Honor, is that I don't believe a generic crime is required. So if you look, for example, at the residual clause cases, this court's case in Sims, the Supreme Court's case in Johnson, that involved a statute that said substantial risk of harm. That is not... That is not referring to a generic offense, but... But that one, on vagueness grounds, among others. Well, yes, Your Honor, and precisely because the court starts its analysis, both this court in Sims and the Supreme Court, by saying a categorical approach applies. And then starting from that premise, it said it was unconstitutional. But it does that by looking at textual clues, right? And so what I'm... I guess I'm sort of going back to, and maybe you've answered it to the extent you can, but tell me why, when we have relating to followed by conduct, a description of conduct, what is the clue there? I don't need cases, but just like conceptually, why would I think that that refers to some sort of categorical inquiry? That doesn't seem like that works. I understand the clues the court relies on in Sims and the Supreme Court in Davis, but like when I look at those clues, they look different here. And so I'm just trying to understand from a logical perspective, why you think that relating to a set of conduct is categorical in some logical sense? Sure, Your Honor. So I guess where I'd push back on your question is that I do not think that what follows related to refers to conduct. I think it's essentially an element of an offense. And Your Honor, this is very common. It's a... Wait, I'm sorry. Can you just... Because I think maybe this is what I'm trying to get at. Help me understand. Absolutely. It's an element of offense. So if you just think, Your Honor, think about federal criminal statutes in which, you know, the interstate commerce of drugs or prohibited articles or things like that... And what is the element of the offense that you think it is? The delivery of an item or service? That is what I would call, just like this court in Prudencia, it's a unified phrase. Just like in Prudencia, okay, we're talking about moral... And the unified phrase in Prudencia is crime of moral turpitude and you think the unified phrase here is criminal offense related to the delivery of an item or service under Medicare or any state healthcare... That's the unified phrase? That's correct, Your Honor. That's our position. And it follows not just from what I said, which I think this sounds in legal arguments, we have these interstate commerce clause in federal statutes, federal criminal statutes all the time, but also it's the absence of indicators that courts have said. This is not a case, for example, where, like in Keene, there's a reference to present conduct, present tense conduct, like the word assaults. This court has also said in cases like Mathis that if the statute said, Your Honor, committed by the defendant, then that is a textual indicator that the statute is looking to conduct. And, Your Honor, I think the policies here are important. It's not that we're diverging from the text, but this is how we're giving full effect to the text that Congress had here. What this court said in Prudencia, the whole purpose behind the categorical approach... If we don't give effect to this particular circumstances test, then basically the statute has no purpose. They say that, Your Honor, basically they raise that by way of a surplusage canon. We think that the text here, and I agree with you, Your Honor, it doesn't need to be compelled. We're just looking at clues and indicators. We think that the indicators here indicate the categorical approach. They come back with this surplusage canon. I don't think that us representing the citizen before the government can exclude us for five years needs to come up with a laundry list of how the government could permissibly interpret this statute or prosecute this statute. But we do come up with some state-specific crimes that could be eligible. But the state-specific ones that you give us, I confess there were several of them, but they look to me like they involve not delivery, but receipt, right? So these are the customer side. It looked like the statutes, maybe you can correct me if I'm wrong, right? And so that's not a criminal offense relating to delivery. That's a criminal offense relating to receipt? So some of them are provider side, some of them are applicant side. But what we say, Your Honor, is that we're happy to concede if we're in modified categorical territory under Hardin, there does not need to be an exact match between the underlying predicate offense and the text of the federal statute. All that matters is that the state offense is narrower. And so if you have unlawful receipt of an item, then presumably there was delivery. That's not narrower than delivery, right? I mean, those are different things. Like receipt and delivery aren't like subsets, right? They're just distinct acts. Well, I guess I would say, Your Honor, that, you know, again, with respect to the specific examples we found, we don't know that it's our burden to find them. No, no, I just want to understand whether the examples you've provided are helpful, right? That's all I'm asking. You don't have to provide them. I acknowledge that. I think we would have a much harder case if the government came in with those examples. Because then I think that if you're in a case in which a provider is unlawfully billing the Medicare program, if an applicant is unlawfully seeking access to a drug, I think there's a much closer correlation there to think an actual delivery occurred. So, I mean, those are examples where I think under a modified categorical approach where, you know, as Court does not need to be exact, those are possible candidates. But I would put it to the government, you know, to determine whether there might be other possible candidates. So these circuits seem to go the other way from what you're arguing in this Friedman case. And that's a statute that would on its face appear to be more amenable to your argument because following the related to provision, they do include some generic terms. Fraud, theft, embezzlement, et cetera, before they get to the in connection with the delivery of a health care item. And the D.C. Circuit still used the circumstance specific approach there. It did, Your Honor, and two responses to that. In the specific provision of the exclusion statute at issue in Friedman, the statute also said other financial misconduct. That could be an indication that, you know, the court should look there more to conduct rather than the elements of the offense. But even putting that aside, Your Honor, this Court's case law is in tension with Friedman. The court in Friedman said that convicted is an indicator of the circumstance approach. That's not the case under this Court's case law. Under Keene, this Court said convicted means categorical approach. The court in Friedman said related to indicates a circumstance specific approach. That's not this Court's case law. In Hardin, this Court said modified categorical approach. And so I don't think this Court can start from a premise with Friedman. I think it needs to look at its case law. And putting a final point on, you know, Judge Richardson, how do we look at this clause? And again, giving full effect to what Congress said about conviction, what the categorical approach is designed to do is to limit the use by a subsequent agency or court of placing new impediments on a prior conviction by making sure that the elements of that crime were either found to be true by a jury beyond a reasonable doubt or admitted by the defendant. When you have conviction related to and you interpret that as circumstance specific, you're encouraging a future fact finder to delve through that criminal record and make new findings and impose new penalties on the criminal defendant. That's why the Court should apply that approach here. All right. Thank you, Mr. Johnson. You've got some rebuttal time. Ms. Levinson. Thank you, Your Honors. And may it please the Court, Rebecca Levinson, Assistant United States Attorney, here with my colleague John Lucere, also an Assistant United States Attorney, on behalf of Secretary Becerra and Inspector General Grimm. Your Honor, I will start with the categorical versus circumstance specific approach, since that was the substance of my colleague's argument. And we would note that, as the Court has already observed in this argument, the crux of our reading of the statute here and the arguments in our brief is that read as a whole, the provision at issue here is one that is focused on the conduct related to the delivery of an item or service under Medicare or a state health program certainly indicates conduct. And the Freedman Court agreed with that. It observed that a very similar provision of the permissive exclusion statute relating to the delivery of a health care item or service also indicated conduct. To address what Mr. Baxter's counsel stated earlier, the words on which he relies do not take that second part of the statutory provision into account. He relies on the word convicted, but the Supreme Court in Hays applied circumstance specific reading to a provision that had convicted in it. This Court in Prudencio noted that convicted's meaning can change, as the Supreme Court and this Court have also observed with respect to the word offense. We certainly agree with Judge Richardson's explanation of the difference between relating to in this case and relating to elsewhere. And I would say that the cases that plaintiff's counsel identifies that do not use a generic offense do, as our brief notes, point to described crimes that have as an element, for example in Prudencio, have as an element the essential elements of a crime involving moral turpitude and not only that, but in that case, this Court indicated that moral turpitude is a long-standing term of art that had been interpreted by this Court for over a century. We don't have that here. And as we note in our brief, we have not been able to identify a federal criminal offense, either the government or Dr. Baxter, that would categorically fall under this provision, which would render the under subchapter 18, the part referring to Medicare, wholly surplussed. We would certainly agree, it is our position that plaintiff's reading would render this provision essentially meaningless. Why do you think the under subchapter refers to the offense? I took that to refer to the delivery of item or service, so it could be a state offense, then it would be a federal offense, right? The state offense for doing it or a federal offense. Your point is there are no federal offenses. Your colleague responds and says, well, what about these state offenses? Yes, Your Honor. It doesn't read it out just because there are no federal offenses. I mean, I'm not sure that there are state offenses either. He and I had that colleague. But why does it matter if there are no federal offenses? Your Honor, the state offenses that Dr. Baxter's counsel cited to relate to state health programs. They don't identify Medicare, and I would note that even those four statutes, not all of them would likely categorically apply. The Maryland statute is for knowing possession of somebody's pharmaceutical benefit card, which certainly could strike me as a bit far afield. As the Supreme Court in Nijuan and in Hays noted, with statutes that offered more state possible routes for state offenses, and even in Nijuan one federal offense, that is not enough. Four statutes are not enough to give effect to this provision, which I would note is the first line in a congressional statute about mandatory exclusion, and one that is most closely connected to the programs that exclusion is meant to protect. Moving on to plaintiff's new due process arguments, we would simply note... Before you go to the due process arguments, so if you're... Why is this case not like Davis? So Davis is the... Maybe it's not the most recent, I guess we've had others, but it's the most recent actual engagement with this question of how do we understand and interpret a statute? And so if you were walking through Davis, why is your argument consistent with it? Oh, pardon your honor. So section 924C, which was interpreted in Davis, defines crime of violence, which is the operative term that's being interpreted, as an offense that is a felony and has as an element or be that by its nature involves. So both of those provisions and I'll say that section B was at issue in Davis, indicate... Are classic indicators of the categorical approach, which is simply not apparent in this statute, which is, I will say, not of a kind with the gun statutes and immigration statutes that the categorical approach is kind of typically associated with. And then the court also noted in Davis that the government had long held the position that this provision was to be read categorically. That's not the case here. HHS has a long history of taking the circumstance... A specific approach to these statutes and has done so for decades. So I think on those bases, I think Davis is easily distinguishable, your honor. What about the sort of consistent usage argument? If I read through A7A, it does seem... Again, they're different places, but the offense relating to sometimes it's followed by what are, I guess, arguably are generic offenses and sometimes it's followed by conduct. Does the consistent usage give you concern there? Your honor, well, with respect to consistent usage, Freedman analyzed relating to, which was followed by a list of generic crimes and ultimately decided that relating to is used consistently throughout the statute to mandate a circumstance specific approach. So following Freedman, I don't think that the consistent use statute would pose a problem for our argument. It would... So you think it's a circumstance specific, like all the way down? Yes, your honor. Unless there's some specific indicator of the categorical approach I haven't noticed, I certainly have not noticed one in A1. If your honors will permit, I will move quickly to the two other arguments in our briefs. First, that having applied the circumstances specific approach, HHS's opinion or decision as the district court rightly held is both supported by substantial evidence and is neither arbitrary nor capricious. There is... Dr. Baxter applied guilty for responsibility for statements that misstated the pediatric exposure rates for a product that his company put into commerce and did so with... And those statements were made with the purpose of expanding Medicare access to them. He pled guilty specifically to causing the introduction and delivery for introduction into interstate commerce of a misbranded drug. That's at JA346 is the count and JA349 is the admission. We would also note that plaintiff, with respect to his due process arguments, did not seek summary judgment on that ground below and to the extent that it is preserved notwithstanding, plaintiff has not identified a due process standard that supports his argument that strict liability can't be imposed here. Indeed, Friedman decides to completely... Goes completely the opposite way, addresses issue head on, and plaintiff does not meet the standard under any due process framework. He doesn't attempt to meet the shocks to conscience standard, nor could he, and any legislative, any challenge to a legislative enactment would have to establish a fundamental and deeply rooted interest, which Dr. Baxter certainly has not established, and his right as narrowly defined as continued participation in Medicare and Medicaid, that certainly can't be... That certainly is not a deeply rooted right. And therefore, even a closer look at his due process arguments, his arguments fail. Unless this court has any further questions, we would respectfully ask that the district court... I guess I had a question about forfeiture of the stand-alone due process claim. Is that... Is it your argument that that claim has been forfeited? Yes, Your Honor. All right, thank you very much. Thank you very much, Your Honors. All right, Mr. Johnson, you've got some rebuttal time. Thank you, Your Honor. I'll just make a couple of quick points. I don't know that we got on the initial presentation into the two key cases that counsel cited in support of their circumstance-specific approach, which, by the way, is relatively rare. I mean, if you look at this court's case law, if you look at the cases that have considered this sort of language, most of them do apply a categorical approach. They cite the two cases, Nijhuan and Hayes. Both of those cases included a detailed qualifier that instructed the court to consider a factual circumstance. It was that certain applications of this crime were either in or out. In one, it was whether there was damage to the victim exceeding $10,000. And in the other, it's whether the crime was committed by a close family member, a spouse, and then there were a laundry list of other family members. So that is not the kind of language that we have here. And in both of those cases, that qualifier followed the description of the offense. In fact, in a follow-on case, the Supreme Court said that even though that $10,000 monetary threshold required a circumstance-specific approach, that the crimes, fraud or deceit, not a generic offense, that that part of the statute required a categorical approach. Just a note on due process and sort of how it plays into our argument. So Judge Berner, we did preserve this as a separate count in our complaint. We argued it as part of our major questions argument in the district court. It was passed upon by the district court because the district court found there is no due process violation here. Footnote 17, the district court also rejected our constitutional avoidance argument on the basis that, in its view, there was nothing to avoid. But I want to explain why I think it's important here, and I'll focus on the constitutional avoidance part, which, again, explicitly preserved and passed upon by the district court. In Morrissette and Staples, the Supreme Court has said that the reason why it upheld RCO strict liability for certain offenses was, in part, because the penalties were relatively small. So $500 civil penalty or something like that. In Morrissette and Staples, the court interpreted other federal statutes that would have imposed jail time on the criminal defendant as not permitting strict liability offense because that would be too far. So I don't think this court needs to create new case law in terms of where exactly that line is, but I think this court should apply the same constitutional avoidance canon that the Supreme Court did in Morrissette and Staples. If there's any doubt in the court's mind as to whether this provision requires a categorical approach, then this canon of avoidance should weigh in favor of applying it. Thank you, Your Honor. All right. Thank you very much, Mr. Johnson. We appreciate the argument of both counsel in this case. We'll come down and greet counsel and move on to our last case.
judges: G. Steven Agee, Julius N. Richardson, Nicole G. Berner